UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL ELLIOTT BAKER,<br><br>        Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No. 1:19-cv-00030 EPG<br><br>**FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

      This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his application for Disability Insurance Benefits and Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 9, 11).

      At a hearing on March 20, 2020, the Court heard from the parties and, having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, finds as follows:

1

Plaintiff's Brief in Support of Remand (ECF No. 16) argues, "The ALJ's determination that Plaintiff can perform medium exertion work is not supported by substantial evidence; the error is not harmless, as a limitation to light exertion work would result in a finding of 'disabled.'" (ECF No. 16, at p. 10). Plaintiff further explains "[c]ritical to this case is whether substantial evidence supports the ALJ's finding with respect to Plaintiff's abilities to lift and/or carry 50 pounds occasionally (up to one-third of the workday) and 25 pound frequently (up to two-thirds of the workday) consistent with the ALJ's RFC for medium work." (ECF No. 16, at p. 10). Plaintiff concedes that the two State Agency medical consultants supported the Administrative Law Judge's ("ALJ") conclusions, but Plaintiff argues that these cannot be substantial evidence because they only reviewed records through July 2015, and not subsequent records through the hearing on August 2017.

District courts have a limited scope of judicial review for disability claims after a decision by the Commissioner to deny benefits under the Social Security Act. When reviewing findings of fact, such as whether a claimant was disabled, the Court must determine whether the Commissioner's decision is supported by substantial evidence or is based on legal error. 42 U.S.C. § 405(g). The ALJ's determination that a claimant is not disabled must be upheld by the Court if the proper legal standards were applied and the findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)).

Here, Plaintiff does not claim the ALJ's decision was based on legal error. Thus, the Court looks to whether the ALJ's decision was based on substantial evidence.

Plaintiff alleged disability beginning January 21, 2014. As Plaintiff concedes, State agency medical consultant C. Bullard, M.D. opined that the claimant could lift and carry 50 pounds occasionally and 25 pounds frequently on May 20, 2015. (A.R. 84) Moreover, State agency medical consultant L. Kiger M.D. gave a similar opinion on September 10, 2015. (A.R. 121). There were no contradictory medical opinions. Thus, these opinions constitute substantial

evidence supporting the ALJ's conclusions as of September 2015.

The ALJ also reviewed and summarized the relevant medical records after this time. For example, the ALJ's opinion states "On June 19, 2017, an MRI of the claimant's cervical spine showed mild-to-moderate bilateral neural foraminal stenosis at C3-4 and C4-5 and mild left neural foraminal stenosis at C5-6 (Exhibit 18F, p. 2). On June 23, 2017, treating physician Daniel Watrous, M.D. diagnosed the claimant with cervical spinal stenosis. He noted that the claimant would be beginning physical therapy on August 3, 2017." (Exhibit 17F, p. 1). The records are consistent with this summary. The MRI report includes many normal findings, such as "Adequate alignment cervical vertebral bodies. Minimal old compression superior endplate C7," as well as mild to moderate findings, such as "C3-C4 mild to moderate bilateral neural foraminal stenosis." (A.R. 817). It is also worth noting that Plaintiff had complained of "Neck pain 8 years," which indicates that the MRI was reflecting a long-held condition, rather than a recent change. The physician report following this MRI includes the instruction to "lay down with moist heat for 5 minutes many times a day, rest the painful area frequently, and switch activities frequently." It also states "[w]ill consider PT, pending authorization," and "[t]he patient was counseled for compliance of medications and exercise, activities of daily living, and the need to return sooner than scheduled if any problems develop." (A.R. 816). While the reference to heat and rest are notable, there is no discussion of any weight lifting limitation, or any aggressive treatment such as surgery.

Additionally, the ALJ's reason that "[g]iven the claimant's allegations of totally disabling symptoms, one might expect to see some indication in the treatment records of restrictions placed on the claimant by the treating doctor. Yet a review of the record in this case revealed no restrictions recommended by the treating doctor." (A.R. 25). This reason applies to the entire period at issue. There is no opinion from any medical source that Plaintiff is limited in his lifting abilities to a greater extent than provided in the RFC.

Counsel for the Commissioner has also pointed to many records indicating "normal strength," including a February 8, 2016 record noting "STRENGTH: within normal limits bilaterally," (A.R. 711), and a October 31, 2016 record noting "Normal gait, muscle strength and

tone," (A.R. 697). Although these specific records are not discussed in the ALJ's opinion, they refute Plaintiff's contention that a material change in lifting ability occurred after July 2015.

After review of the record, the Court finds that the ALJ's findings are supported by substantial evidence.

Thus, the Court finds that the decision of the Commissioner of Social Security is supported by substantial evidence, and the same is hereby affirmed.

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **March 23, 2020**

/s/ *Eric P. Groj*
UNITED STATES MAGISTRATE JUDGE